**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE:<br>DELAWARE BSA LLC,<br><br>Debtor. | : | Chapter 11<br><br>Case No. 20-10342-LSS[1] |
| D.S.,<br>Appellant,<br>v.<br><br>The Honorable Barbara J. Houser (Ret.), in her capacity in her capacity as Trustee of the BSA Settlement Trust,<br><br>Appellee. | : | Civ. No. 26-251 (RGA) |

**MEMORANDUM**

This appeal arises in the chapter 11 cases of Boy Scouts of America and Delaware BSA LLC (together, the "Debtors"). *Pro se* appellant D.S. ("Appellant") is the holder of a Direct Abuse Claim, that is, a claim asserting Appellant is a survivor of abuse suffered as a consequence of participation in scouting. In brief, Appellant checked a box electing to take an expedited $3,500 distribution ("Expedited Distribution") on account of his Direct Abuse Claim, rather than participating in a more demanding process that might have led to a greater payout. Following confirmation of the Debtors' plan of reorganization (Bankr. D.I. 10316-1) (the "Plan"), Appellant sought an order from the Bankruptcy Court permitting him to change or rescind his election of the Expedited Distribution treatment for his Direct Abuse Claim on the basis that Appellant did not understand the ballot and mistakenly checked the wrong box.

[1] The docket of the chapter 11 cases, previously jointly administered as *In re Boy Scouts of Am., et al.*, Case No. 20-10343-LSS (Bankr. D. Del.), has been closed by final decree entered March 13, 2026. *See id.*, Bankr. D.I. 13531 (docket entry). Thereafter, all motions, notices, and other pleadings relating to the chapter 11 debtors are filed on the docket of *In re Delaware BSA, LLC,* Case No. 20-10342 (LSS) (Bankr. D. Del.).

On February 5, 2025, the Bankruptcy Court issued an Opinion, *In re Boy Scouts of Am.*, 2024 WL 459571 (Bankr. D. Del. Feb. 5, 2024) (the "Opinion"), which explained why the Bankruptcy Court was denying the similar requests of multiple claimants to change or rescind their election of the Expedited Distribution option on their ballots. The Bankruptcy Court ruled that the question of whether a holder of a Direct Abuse Claim can change their Expedited Distribution election is governed by the Plan, and the Plan and applicable case law prohibited a change of election. Thus, holders of Direct Abuse Claims who made the Expedited Distribution election on their ballots were bound by that election. *See id.* at *7-*19.

On March 25, 2025, I affirmed the Bankruptcy Court's ruling, agreeing with the Bankruptcy Court that "the Plan unambiguously prohibits claimants from changing their Expedited Distribution Election[,]" and that motions to change such election "constitute[] an impermissible attempt to modify the Plan." *See In re Boy Scouts of Am.*, 772 F. Supp. 3d 496, 512-14 (D. Del. 2025). I rejected the argument that the Bankruptcy Court could permit the claimants to change their election pursuant to its equitable powers under section 105 of the Bankruptcy Code or Federal Rule of Civil Procedure 60(b). *Id.* at 514–16. These decisions have been affirmed on appeal. *In re Boy Scouts of Am.*, 2026 WL 2075574 (3d Cir. July 17, 2026).

On October 3, 2025, Appellant filed a letter seeking to change the Expedited Distribution election indicated on his ballot (Bankr D.I. 13163 (sealed), 13164 (redacted)) (the "Motion")). While Appellant was represented by the James Harris Law Firm, Appellant submitted his request in a *pro se* capacity because his counsel apparently "refus[ed] to do this for [him]." (Bankr. D.I. 13164 at 1). Appellant stated in his Motion that upon receiving his Ballot, "[h]e read the document and [he] did not understand it." (*Id.*). Appellant further stated that he contacted the phone number listed on the Ballot, but he was not provided any information. (*Id.*). Appellant

stated that he wrote on page 6 of the Ballot, "'I have no idea what the plan is as I have no help in this matter." (*Id.*). Appellant asserted that he elected Expedited Distribution because he mistakenly thought that he would receive an initial payment of $3,500 and then receive additional payments later. (*Id.*). It appears undisputed that Appellant executed a Release Form for his Expedited Distribution claim on October 25, 2023 (*see* Bankr. D.I. 13212-1) and that Appellant's claim was paid on January 24, 2024 subject to a holdback for possible healthcare liens which are applicable under Missouri law. (Bankr. D.I. 13212 at 2 n.2).

The Bankruptcy Court set the Motion for hearing on November 13, 2025 and scheduled deadlines for objections and reply. (Bankr. D.I. 13173). Appellee, the Honorable Barbara J. Houser (Ret.), in her capacity as Trustee of the BSA Settlement Trust ("Appellee") filed a timely objection (Bankr. D.I. 13212), and Appellant filed a reply (Bankr. D.I. 13269 (sealed), 13270 (redacted) (the "Reply")). Appellant, who is committed to a mental health institution (the "Institution") as a result of his abuse, has submitted documents showing that his request to participate in the November 13 hearing was denied by the Institution shortly before the hearing. (*See* D.I. 1 at p. 3 of 4). The Bankruptcy Court advised that it would take the Motion under advisement.

Consistent with its prior ruling, the Bankruptcy Court issued an Order dated January 28, 2026, denying Appellant's request to change his Expedited Distribution election (Bankr. D.I. 13407; D.I. 1-1) (the "Order"). On February 17, 2026, Appellant filed a "Motion to Appeal" attaching the Order (Bankr. D.I. 13447; D.I. 1) (the "Notice of Appeal"). The merits of the appeal are fully briefed. (D.I. 6, 10, 26, 27).[2] No party requested oral argument.

---

[2] In accordance with this Court's Scheduling Order issued April 17, 2026 (D.I. 8), the "motion for appeal to be granted" filed April 7, 2026 (D.I. 6) was deemed Appellant's opening brief. On July 1, 2026, Appellee filed an answering brief. (D.I. 10). Appellant filed two requests to extend the deadline to file his reply brief (D.I. 22, 24), which were each granted. (*See* D.I. 23, 25

## I. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from a final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). The Order denying the Appellant's motion for relief from his Expedited Distribution election is a final order. *See In re Boy Scouts of Am.*, 772 F. Supp. 3d at 507 (citing *In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990) (holding an order is final and immediately appealable if it "fully and finally resolved a discrete set of issues, leaving no related issues for later determination")).

Appellee has not challenged the timeliness of this appeal. (*See* D.I. 10 at 2 ("D.S. filed a timely notice of appeal on February 17, 2026"). "The prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional," such that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *In re Caterbone,* 640 F.3d 108, 110-11 (3d Cir. 2011) (internal quotations and citations omitted).

Under Bankruptcy Rule 8002, a "notice of appeal must be filed ... within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). The Order was entered January 28, 2026. (Bankr. D.I. 13407). The notice of appeal was not received by the Bankruptcy Court until February 17, 2026, several days after the expiration of the 14-day deadline. Bankruptcy Rule 8002(c) contains an exception, however, applicable where "an institution has a system designed for legal mail" and the "inmate confined there" uses that system. Fed. R. Bankr. P. 8002(c)(1). The Bankruptcy Rule provides, "If an inmate files a notice of appeal from a bankruptcy court's judgment, order, or decree, the notice is

(extending Appellant's reply deadline through September 21, 2026)). On October 27, 2026, Appellant's reply and related exhibits were received and docketed by the Court. (D.I. 26, 27). Appellant's reply has been considered by the Court in this matter.

timely if it is deposited in the institution's internal mail system on or before the last day for filing" and "it is accompanied by … evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid." Fed. R. Bankr. P. 8002(c)(1)(A)(ii). The Notice of Appeal evidences that it was mailed in the Institution's preprinted envelope, contained the correct postage, and was postmarked on February 11, 2026. The Notice of Appeal is therefore timely.

On appeal this Court reviews the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. *In re Millennium Lab Holdings II, LLC*, 591 B.R. 559, 570 (D. Del. 2018), *aff'd* 945 F.3d 126 (3d Cir. 2019).

## II. DISCUSSION

This appeal presents identical factual and legal issues as previous cases upon which this Court has already ruled. Appellant identifies no basis for distinguishing his request to rescind his Expedited Distribution election from those of the claimants in the prior proceedings. Appellant's main argument is that his attorney filed a second ballot on his behalf after the voting deadline. Appellant asserts that, although this ballot was submitted past the deadline, it "was on record," and therefore should override Appellant's prior ballot electing Expedited Distribution. (D.I. 6 ¶¶ 10–13). Conversely, Appellee argues there is "no evidence in the record of a second ballot filed by D.S." (D.I. 10 at 9). A copy of a second ballot, stamped by the balloting agent as received on December 2, 2021, was submitted contemporaneously with Appellant's reply brief. (*See* D.I. 26, 27). Nonetheless, Appellee argues that Appellant waived any argument with respect to a second ballot because Appellant did not raise it before the Bankruptcy Court. (*See* Bankr. D.I. 13164, 13270). *MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 486 (3d Cir. 2013) ("Arguments that are asserted for the first time on appeal are deemed to be waived and

consequently are not susceptible to review . . . absent exceptional circumstances.") (internal quotations omitted).[3] Appellee further argues that the existence of the second ballot is irrelevant because Appellant concedes that any such ballot would have been submitted after the voting deadline.

While exceptional circumstances may well exist here, based on the representations made in Appellant's briefs, I must agree with Appellee's latter argument. As this Court has previously ruled, the Plan does not permit claimants to change an Expedited Distribution election for any reason, even in cases where there is "undisputed evidence" of "timely attempts to correct [] mistaken Expedited Distribution elections[.]" *In re Boy Scouts of Am.*, 772 F. Supp. 3d at 514. Appellant does not address this Court's or the Bankruptcy Court's prior decisions, which hold that the Plan unambiguously prohibits claimants from changing their Expedited Distribution election, other than to argue generally that he lacked understanding of the complicated legal jargon employed in the ballot. (*See* D.I. 26 ¶ 11). While I am sympathetic to Appellant's circumstances, his briefs do not advance any argument as to why his case is different, or why the previous decisions are inapplicable to him, and therefore I find no basis to disturb the Order.

## III. CONCLUSION

Both the Bankruptcy Court and this Court previously concluded that neither the Plan nor applicable case law permits claimants to change their Expedited Distribution election. The Bankruptcy Court correctly determined that those rulings applied to Appellant's Motion. As the Bankruptcy Court has previously observed, "the conclusion in this matter yields a harsh result," and the circumstances are also unfortunate where "each [Appellant] had counsel to advise him in completing his ballot, ensuring and/or confirming correction of any mistaken elections and

---

[3] If the Court of Appeals were writing today, I think it would use the word "forfeited" rather than "waived."

timely bringing the matter to the attention of the court prior to confirmation of the Plan." *In re Boy Scouts of Am.*, 2024 WL 459571, at *19. I agree, however, that the remedy sought by Appellant was not one that the Bankruptcy Court could provide. Accordingly, the Order will be affirmed.

A separate order will be entered.